MILTON ADAMS & another *vs.* CHARLES D. PALMER.

The jurisdiction of the court of common pleas over an action of waste is not taken away by *St.* 1853, *c.* 371, §§ 2, 4.

An action on Rev. Sts. *c.* 105, § 8, by one tenant in common against another to recover treble damages for waste is not within the Rev. Sts. *c.* 120, § 21, limiting actions for penalties to one year.

One of several children and heirs at law, who after his father's death continues to occupy land which he occupied with him in his lifetime, and is appointed his administrator, and cuts and carries away timber trees from the land, is not liable to an action by the other tenants in common for treble damages, under Rev. Sts. *c.* 105, § 8.

ACTION OF TORT on the Rev. Sts. *c.* 105, § 8, commenced in the court of common pleas against one tenant in common by his cotenants, for entering upon the land, without giving thirty days' notice, and cutting and carrying away timber trees; by reason whereof the plaintiffs claimed threefold damages, under Rev. Sts. *c.* 105, § 7.

At the trial before *Briggs*, J., the defendant objected that the action was not within the jurisdiction of the court of common pleas; but should, by *St.* 1853, *c.* 371, have been brought in the supreme judicial court, inasmuch as § 2 of that statute provides that " all suits concerning waste and nuisance shall be by action of tort, in which the plaintiff, in addition to his claim for damages, may pray for relief in equity "; and § 4 provides that " the supreme judicial court shall have exclusive jurisdiction of all the suits, mentioned in this act, in which relief in equity is prayed for." But the judge overruled the objection, and directed the trial to proceed.

The defendant contended that the plaintiff could not recover for any act of cutting and carrying away timber, which occurred more than one year before the commencement of the action, and relied on the Rev. Sts. *c.* 120, § 21, by which " all actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year next after the offence committed, and not afterwards." But the judge ruled

that he might recover for any such act committed within six years.

All the tenants in common were children and heirs of Henry Palmer. The defendant offered to prove that the defendant and his family lived with his father on the premises at and for many years before the time of his death, and continued to live there afterwards, without objection from the other heirs, and was one of his administrators, and that the alleged trespass was committed since his appointment to be such administrator. But the evidence was objected to by the plaintiff, and excluded.

The defendant contended that the Rev. Sts. *c.* 105, §§ 7, 8, did not apply to the case of acts done by a tenant in common while in actual possession of the premises. But the judge ruled otherwise ; the jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. Rockwell & J. D. Colt*, for the defendant.

*I. Sumner*, for the plaintiffs.

THOMAS, J. 1. We have no doubt the court of common pleas had jurisdiction in the cause. The Rev. Sts. *c.* 105, § 8, provide that an action of trespass may be maintained, and direct how the proceeds of a judgment for the plaintiff, if any, shall be disposed of. The *St.* of 1853, *c.* 371, gives an action at law with equitable relief in the cases where by the previous statute the remedy was by bill in equity. It had no purpose to change the jurisdiction of the courts. This is made plain by a comparison of the provisions of the *St.* of 1853, *c.* 371, with those of the Rev. Sts. *c.* 81, § 8 ; *c.* 105, § 14.

2. The limitation of one year does not apply to the action. The case of *Goodridge* v. *Rogers*, 22 Pick. 495, is directly in point. That case was decided under the *St.* of 1788, *c.* 12, § 1. But we perceive no substantive difference in the provisions of that section from those of the Rev. Sts. *c.* 120, § 21.

3. But if the defendant was in the occupation of the estate as administrator, without objection from the other heirs, and while in such occupation cut the timber for the cutting of which this action was brought, though liable to account for its value under the provisions of the Rev. Sts. *c.* 67, § 6, he would not be liable

to treble damages under Rev. Sts. c. 105, § 7, as one entering upon the estate and committing waste without notice to the other heirs or persons interested therein. That statute is of a penal nature, and to be strictly construed.

The evidence offered by the defendant, of the nature of this occupation, should have been submitted to the jury. Having been excluded, the exception on this point must be sustained.